**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

YEXSICA COROMOTO PEREZ ACOSTA,

    Petitioner,

v.

DAVID VENTURELLA, Acting Director of US
Immigration and Customs Enforcement; MARY DE
ANDA-YBARRA, El Paso Field Office Director, US
Immigration and Customs Enforcement; DAREN K.
MARGOLIN, Director of the Executive Office for
Immigration Review; and WARDEN, Otero County
Processing Center,

    Respondents.

Case No. 2:26-cv-02060-MIS-JFR

**<u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS</u>**

**THIS MATTER** is before the Court on Petitioner Yexsica Coromoto Perez Acosta's

Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed June

26, 2026. The federal Respondents filed a Response to the Petition on July 13, 2026

("Response").[1] ECF No. 6. Upon review of the Parties' submissions, the record, and the relevant

law, the Court will **GRANT** the Petition.

**I.      Background**

Petitioner is a noncitizen who entered the United States on February 14, 2024, at the Ysleta

Port of Entry where Petitioner applied for admission to the United States. Id. ¶ 13. Petitioner was

immediately detained and placed in expedited removal proceedings. Id. ¶¶ 14-15. However,

Petitioner subsequently received a positive credible fear finding and was issued a Notice to Appear

---

[1]      The Clerk's Office served all Respondents pursuant to this District's Standing Order Regarding
Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF
No. 3 (D.N.M. Jan. 28, 2026). ECF No. 2. However, as has become customary in these cases, the Warden did not
respond to the Petition.

on April 15, 2024, placing Petitioner into full removal proceedings under Section 240 of the Immigration and Nationality Act ("INA"). Id. ¶ 15. Thereafter, in late April 2024, Petitioner was paroled into the United States. Id. ¶ 16. She has a pending Application for Asylum with a final hearing with the Immigration Court scheduled for April 24, 2027. Id. ¶ 18. She has fully complied with all conditions of her parole. Id. ¶ 17.

Nevertheless, on June 23, 2026, immigration authorities arrested Petitioner without a warrant when she arrived for a scheduled check-in appointment with U.S. Immigration and Customs Enforcement. Id. ¶ 19.

On June 26, 2026, Petitioner filed the instant Petition requesting a writ of habeas corpus requiring that Respondents immediately release her from ICE custody or provide her a bond hearing pursuant to 8 U.S.C. § 1226(a). Id. ¶ 21. On July 13, 2026, the federal Respondents filed a Response. ECF No. 6.

## II.    Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus. Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012)

2

(quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

**III.   Discussion**

Petitioner argues that 8 U.S.C. § 1226(a) governs her detention and that her continued detention without a bond hearing violates the Fifth Amendment's Due Process Clause and the INA. Pet. ¶¶ 23-48.  She seeks immediate release or, alternatively, a bond hearing under Section 1226(a). Id. ¶ 48.

Respondents assert that Petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), but acknowledge that "that the Tenth Circuit has ruled otherwise in Santillan Quiroz v. Mullin, and that its recent ruling is binding on this Court. __ F.4th __, No. 26-6019, 2026 WL 1876709 (10th Cir. June 30, 2026)."  Id. at 2.

In Santillan Quiroz, the Tenth Circuit held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)."  2026 WL 1876709, at *5.  That is precisely the situation presented by this case.

Accordingly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, her continued detention without a bond hearing violates her Fifth Amendment right to due process, and, as such, she is entitled to habeas relief.  The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders her immediate release. See generally Resp., ECF No. 6. The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing

evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order.

## IV.     Conclusion

Therefore, it is **HEREBY ORDERED** that:

1.     The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2.     Respondents are **ORDERED** to immediately release Petitioner Yexsica Coromoto Perez Acosta from custody/detention without restraints beyond those that existed before her unlawful detention;

3.     Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk;

4.     The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE